# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF M. LANI ESTEBAN-TRINIDAD, BAR NO. 6967.

No. 78379



**FILED**

JUL 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney M. Lani Esteban-Trinidad. Under the agreement, Esteban-Trinidad admitted to violating RPC 1.15 (safekeeping property) and agreed to a six-month-and-one-day suspension and the payment of restitution.

Esteban-Trinidad has admitted to the facts and violations as part of her guilty plea agreement. Thus, the record establishes that Esteban-Trinidad violated RPC 1.15 (safekeeping property) by misappropriating client funds for office and personal expenses and commingling personal funds with client funds. Esteban-Trinidad's clients were paid and their funds were generally missing for less than two months at a time.

The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the

appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Esteban-Trinidad admitted to knowingly violating a duty owed to her clients (safekeeping property). Her clients suffered actual or potential injury as a result of not timely receiving their funds. As the panel found, the baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) (providing that disbarment is appropriate when "a lawyer knowingly converts client property and causes injury or potential injury to a client"). The record supports the panel's findings of three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and five mitigating circumstances (absence of prior discipline in 19 years of practice, personal or emotional problems, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, character or reputation, and remorse). We agree with the hearing panel's finding that the mitigating factors, especially Esteban-Trinidad's lengthy career without prior discipline and her emotional and personal problems, warrant a downward deviation from the baseline sanction of disbarment. Thus, considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney M. Lani Esteban-Trinidad from the practice of law for six months and one day commencing from the date of this order. Esteban-Trinidad shall pay restitution in the

amount of $8,500 to Steven Sexton and $2,195 to Kalen Carlisle within 30 days from the date of this order. Lastly, Esteban-Trinidad shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.　　　　_____, J.
Pickering　　　　　　　　　　　　　Hardesty

_____, J.　　　　_____, J.
Parraguirre　　　　　　　　　　　　Stiglich

_____, J.　　　　_____, J.
Cadish　　　　　　　　　　　　　　Silver

cc:　Chair, Southern Nevada Disciplinary Board
　　　M. Lani Esteban-Trinidad
　　　Bar Counsel, State Bar of Nevada
　　　Executive Director, State Bar of Nevada
　　　Admissions Office, U.S. Supreme Court